**IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS**
**STATE OF MISSOURI**
**CIRCUIT DIVISION**

| | |
|---|---|
| MEREDITH BERKOWITZ, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Cause No.: ) ) **JURY TRIAL DEMANDED** |
| POLYGROUP SERVICES N.A. INC. and POLYGROUP NORTH AMERICA, INC., | ) ) ) |
| Defendants. | ) ) |

**PETITION**

Plaintiff, Meredith Berkowitz, through her counsel TorHoerman Law LLC and Mandel, Mandel, Marsh, Sudekum & Sanger, for her Petition against Polygroup Services N.A. Inc. and Polygroup North America, Inc. (collectively, "Polygroup" or "Defendant") alleges the following on personal knowledge as to her own acts and on information and belief based on investigation as to all other allegations:

**PRELIMINARY STATEMENT**

1. This is a product liability action arising from the entirely avoidable paralysis of Meredith Berkowitz, who was paralyzed in a pool designed, manufactured, imported, distributed, marketed, advertised, and sold by Defendant Polygroup.

2. The design of the pool rendered it defective and unreasonably dangerous. The lack of adequate warnings accompanying the pool rendered it defective and unreasonably dangerous. Defendant failed in its acts and omissions related to the pool to use reasonable care to avoid injuring the Plaintiff. The defective and unreasonably dangerous condition of the pool and the Defendant's negligence proximately caused Plaintiff's broken back, nearly completely severed

spinal cord, paralysis, decreased life expectancy, past and future pain and suffering, past and future medical expenses, loss of enjoyment of life, and other economic and non-economic damages.

## THE PARTIES

3. Plaintiff Meredith Berkowitz is an adult female who was paralyzed while using an above-ground pool designed, manufactured, imported, distributed, marketed, advertised, and sold by Defendant Polygroup.

4. Defendant Polygroup (which term includes both Polygroup Services N.A. Inc. and Polygroup North America, Inc.) is a global consumer goods company that designs, manufactures, imports, distributes, markets, advertises, and sells outdoor recreation products, including above-ground swimming pools. Polygroup designed, manufactured, imported, distributed, marketed, advertised, and sold the round, above-ground swimming pool, sold under the name Summer Waves Elite (the Pool), in which the Plaintiff was paralyzed. All acts and omissions of Polygroup described in this Petition were done by its agents, servants, employees, and/or owners acting in the course and scope of their respective agencies, services, employments, and/or ownership.

## JURISDICTION AND VENUE

5. This Court may exercise personal jurisdiction over Polygroup because Polygroup has minimum contacts with Missouri such that the maintenance of this suit does not offend traditional notions of fair play and substantial. Polygroup marketed, promoted, advertised, sold, and distributed the Pool in Missouri and put the Pool into the stream of commerce knowing and intending that it would enter Missouri and be sold and used in Missouri. Plaintiff's claims against Polygroup arise out of or relate to Polygroup's purposeful contacts with Missouri.

6. Venue is proper in this Court because this is a tort action in which Plaintiff was first injured in the City of St. Louis, Missouri.

# FACTS

7.  Polygroup designed, manufactured, imported, distributed, marketed, advertised, and sold the Pool.

**A. The Pool**

8.  As designed, manufactured, imported, distributed, marketed, advertised, and sold, the frame of the Pool was made of steel. The inner surface of the Pool wall was unpadded. The Pool included unpadded steel vertical support uprights. The unpadded steel uprights ran vertically along the inside circumference of the wall of the Pool, extending from the Pool's floor to its top rail. The primary function of the steel uprights was to provide stability and rigidity to the Pool wall, helping it withstand the outward pressure of the water and maintain its circular shape. The steel uprights acted as the vertical skeleton, keeping the pool wall from bulging or collapsing.

9.  Steel uprights without safety padding can result in serious injury when a swimmer collides with them while swimming. The steel uprights in the Pool had no safety padding or other feature or characteristic that would protect swimmers who swim into a steel upright from being injured. A steel frame without safety padding on the inner surface of the pool wall can result in serious injury when a swimmer collides with steel frame. The steel frame inside the Pool had no safety padding or other feature or characteristic that would protect swimmers who swim into the steel frame from being injured.

10. Safety padding, which helps prevent injuries, is often made with a polyethylene foam core. Such padding, or other padding, can prevent or reduce the severity of injuries to a swimmer who swims into, collides with, or otherwise hits a steel upright or the inside of a steel frame. Safety padding provides this important measure of safety by absorbing the shock and impact sustained when person comes in contact with the steel uprights or the steel frame. Placing safety

padding on steel uprights and the inner surface of a pool wall does not decrease the utility of steel uprights or pools with steel frames in achieving their intended functions.

### B. The Incident

11. On July 4, 2020, Plaintiff was swimming in the Pool. A V-shaped ladder, with one side submerged into the water and the other outside the pool, was in the Pool at the time Plaintiff was swimming.

12. The Plaintiff used the ladder to propel herself across the Pool. She placed her feet against the portion of the ladder inside the pool and, using leg strength, propelled herself across the Pool. Upon reaching the opposite side of the Pool, her head made forceful contact with the unpadded steel frame on the inside of the Pool and/or an unpadded steel upright.

### C. Plaintiff's Injuries

13. The collision of the Plaintiff's head into the unpadded steel frame and/or an unpadded steel upright resulted in the Plaintiff sustaining a broken neck, a nearly completely severed spinal cord, and paralysis.

14. After the incident, the Plaintiff was taken to Barnes Hospital in the City of St. Louis where she had surgery to fix her broken neck. However, the damage to her spinal cord could not be repaired. She was in the intensive care unit at Barnes Hospital for 23 days. She was then medevac'd to Craig Hospital in Denver, Colorado, which specializes in spinal cord injuries. Since then she has remained in Craig Hospital in rehabilitation attempting to learn how to function again. Plaintiff has only limited mobility in her right hand and right foot. Other than that she is a quadriplegic.

## CAUSES OF ACTION

### COUNT 1
### STRICT LIABILITY DESIGN DEFECT

15. Plaintiff incorporates by reference Paragraphs 1-14 of this Petition.

16. Polygroup designed, manufactured, imported, distributed, marketed, advertised, and sold the Pool.

17. Polygroup was a seller in the stream of commerce of the Pool and sold the Pool in the ordinary course of its business.

18. At the time the Pool entered the stream of commerce, at the time if left Polygroup's possession and control, and at the time of sale, the Pool was in a defective condition unreasonably dangerous when put to a reasonably anticipated use. The Pool was defective in design because the unpadded steel uprights and the unpadded inner surface of the steel wall of the Pool posed a significant risk of injury to swimmers who collide with a steel upright or the inner surface of the steel wall of the Pool.

19. The Pool was used in a manner that was or should have been reasonably anticipated and foreseen by Polygroup. That is, the Pool was set up and filled with water for the purpose of aquatic recreation, which recreation foreseeably includes a swimmer propelling herself from one side of the pool to the other. Polygroup did or should have reasonably anticipated and foreseen that a swimmer would propel herself from one side of the Pool to the other side.

20. As a direct, foreseeable, and proximate result of the design of the Pool, Plaintiff suffered and will in the future suffer injuries, including a broken back, a nearly severed spinal cord, paralysis, horrific pain and suffering, reduced life expectancy, medical expenses, and other economic and non-economic damages.

21. To save the few dollars or cents per unit it would have taken the render the pool reasonably safe, Polygroup did not place safety padding on the steel uprights and did not place safety padding on the inner surface of the steel wall of the Pool. In so doing, Polygroup acted with a deliberate and flagrant disregard for the safety of others.

## COUNT 2
## STRICT LIABILITY FAILURE TO WARN

22. Plaintiff incorporates by reference Paragraphs 1-14 of this Petition.

23. Polygroup designed, manufactured, imported, distributed, marketed, advertised, and sold the Pool.

24. Polygroup was a seller in the stream of commerce and sold the Pool in the ordinary course of its business.

25. At the time the Pool entered the stream of commerce, at the time if left Polygroup's possession and control, and at the time of sale, the Pool was in an unreasonably dangerous condition when used as reasonably anticipated without knowledge of its characteristics. The Pool was unreasonably dangerous because Polygroup failed to provide adequate instructions and warnings about the risk of serious injury, including paralysis, posed by unpadded steel uprights in the Pool and by the unpadded inner surface of the steel wall of the Pool.

26. The Pool was used in a manner that was or should have been reasonably anticipated and foreseen by Polygroup. That is, the Pool was set up and filled with water for the purpose of aquatic recreation, which recreation foreseeably includes a swimmer propelling herself from one side of the Pool to the other. Polygroup did or should have reasonably anticipated and foreseen that a swimmer would propel herself from one side of the Pool to the other side.

27. As a direct, foreseeable, and proximate result of the inadequate instructions and warnings, Plaintiff suffered and will in the future suffer injuries, including a broken back, a nearly

6

completely severed spinal cord, paralysis, horrific pain and suffering, reduced life expectancy, medical expenses, and other economic and non-economic damages.

28. By failing to provide adequate instructions and warnings, Polygroup acted with a deliberate and flagrant disregard for the safety of others.

**COUNT 3**
**NEGLIGENCE**

29. Plaintiff incorporates by reference paragraphs 1-14 of this Petition.

30. At all times material hereto, Polygroup had a duty to foreseeable users of the Pool, including the Plaintiff, to exercise reasonable care in designing, manufacturing, importing, distributing, marketing, advertising, and selling the Pool.

31. Polygroup also had a duty to provide adequate and sufficient instructions concerning the proper use of the Pool, as well as warnings of the risks and dangers associated with using the Pool.

32. Polygroup negligently designed the Pool by using a steel frame that had no padding on the inner surface of the steel wall of the Pool and by using unpadded steel uprights.

33. Polygroup negligently failed to provide adequate instructions and warnings regarding the hazardous, unpadded steel uprights and the unpadded inner surface of the steel wall of the Pool.

34. Polygroup negligently designed the Pool and negligently failed to provide adequate instructions and warnings in violation of applicable regulations and/or industry standards.

35. As a direct, foreseeable, and proximate result of the design of the Pool and the inadequate instructions and inadequate warnings, Plaintiff suffered and will in the future suffer injuries, including a broken back, a nearly completely severed spinal cord, paralysis, horrific pain

and suffering, reduced life expectancy, medical expenses, and other economic and non-economic damages.

36. Polygroup acted in a negligent manner simply to save the few dollars or cents per unit it would have taken to render the pool reasonably safe by placing padding on the steel uprights and placing padding on the inner surface of the steel wall of the Pool. By so doing, Polygroup acted with a deliberate and flagrant disregard for the safety of others.

**PRAYER FOR RELIEF**

Plaintiff requests judgment against the Defendant Polygroup for compensatory damages, costs of the action, pre-judgment interest, post-judgment interest, and for such other and further relief as is and proper. Plaintiff reserves the right to seek to amend her Petition to seek punitive damages.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby requests a trial by jury of all issues triable by jury.

Dated: July 2, 2025                                                       Respectfully submitted,

*/s/Eric M. Terry*
**TORHOERMAN LAW LLC**
Eric M. Terry, #57102MO
Kenneth J. Brennan, #47523MO
Tyler Schneider, #67243MO
210 South Main Street
Edwardsville, IL 62025
Telephone: (618) 656-4400
eric@thlawyer.com
kbrennan@thlawyer.com
tyler@thlawyer.com

**MANDEL, MANDEL, MARSH,
SUDEKUM & SANGER**
Bryan J. Sanger, # 60210MO
1010 Market St
St. Louis, MO 63101
Phone: 314-621-1701
Fax: 314-621-4800
bryan@mandelmandel.com
*Attorneys for Plaintiff*